UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ELMER COX, | § | |
| | § | |
|     Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-339 |
| | § | |
| NUECES COUNTY, TEXAS, *et al*, | § | |
| | § | |
|     Defendants. | § | |

# **ORDER**

Pending is Defendant Nueces County's Motion to Dismiss Plaintiff's Fifth Amended Complaint (D.E. 61). The Court has reviewed the motion and response and believes additional briefing is necessary.

Both Plaintiff and Defendant Nueces County have cited *Brady v. Fort Bend County*, 145 F.3d 691 (5th Cir. 1998), *cert. denied,* 525 U.S. 1105 (1999). In *Brady*, the Fifth Circuit noted that "the Texas legislature has vested sheriffs with such discretion [to hire and fire employees], and the sheriff's exercise of that discretion is unreviewable by any other official or governmental body in the county. Texas sheriffs therefore exercise final policymaking authority with respect to the determination of how to fill employment positions in the county sheriff's department." *Id.* at 700. As the final policy maker, it would appear that Defendant Nueces County may be held responsible for the actionable conduct of the sheriff.

*Brady*, however, cannot be read to stand for such a broad proposition because the Court also found that the Texas legislature has given "counties the option of creating a

civil service system for sheriff's departments that at least limits to some degree the sheriff's ability to engage in unconstitutional hiring practices." *Id.* at 703. Whether such limitations exist in the present case may affect the Court's decision on the present motion. Neither Defendant Nueces County nor Plaintiff Cox has addressed whether Nueces County has a civil service system that limits the sheriff's employment decisions. This information is important in the analysis as to whether Plaintiff Cox has stated a claim against Nueces County upon which relief can be granted.

Therefore, Defendant Nueces County is granted leave to supplement its motion to dismiss and address whether Nueces County has a civil service system that provides oversight to the sheriff's employment decisions. Defendant Nueces County should also address how any such civil service oversight affects the merits of its motion to dismiss.

Defendant Nueces County shall supplement its Motion to Dismiss on or before **Friday, September 20, 2013.** Plaintiff Cox shall have until **Friday, September 27, 2013** to file a supplemental response.

ORDERED this 13th day of September, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE