UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ELMER COX, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:12-CV-339 |
| § | |
| NUECES COUNTY, TEXAS, *et al*, § | |
| § | |
| Defendants. § | |

ORDER

Pending is Plaintiff's Unopposed Motion for Extension to File a Response. (D.E. 79). United States District Judge Nelva Gonzales Ramos referred this case to the undersigned United States Magistrate Judge to prepare a report and recommendation on the Defendants' motions to dismiss. (D.E. 61, 62).

Judge Ramos previously ordered Defendant Nueces County and Plaintiff to submit additional briefing on the issue of whether the Nueces County Sheriff is the final policymaking authority with regard to the relevant employment decisions at issue in this case. (D.E. 75). Defendant Nueces County filed a supplement to its motion to dismiss with attachments. (D.E. 78). Plaintiff has filed an unopposed motion seeking an extension to file a response. (D.E. 79). Plaintiff's motion for extension is **GRANTED.**

The parties are notified that the Court is going to consider the attachments submitted by Defendant Nueces County in its Supplement to Motion to Dismiss (D.E.

78). When considering a motion to dismiss under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir.1999); *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996). When a party presents "matters outside the pleading" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.,* 847 F.2d 186, 196 & n. 3 (5th Cir.1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC,* 255 Fed. App'x 775, 783 (5th Cir.2007). However, "[i]f ... matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56", and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed.R.Civ.P. 12(d).

Because the Court finds that consideration of Defendant Nueces County's exhibits is likely to facilitate the disposition of the case, it exercises its complete discretion to accept them. Consequently, Defendant Nueces County's motion to dismiss is converted to one for summary judgment under Rule 56, and the parties will be provided with the procedural safeguards for Rule 56 motions. *See* Fed.R.Civ.P. 12(d).

Plaintiff may file a brief and any evidence that demonstrates why summary judgment should not be granted in favor of Defendant Nueces County on or before **<u>Friday, October 11, 2013</u>**. For purposes of clarity, the motion to dismiss by

Defendant Sheriff Kaelin did not include evidence and shall be considered under the motion to dismiss standard.  A hearing on the pending motions will be set after the October 11, 2013 deadline.

    ORDERED this 2nd day of October, 2013.

```
                                       _____
                                              Jason B. Libby
                                       United States Magistrate Judge
```