UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ELMER  COX, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-339 |
| | § | |
| NUECES COUNTY, TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

*********************************************************************

| | | |
|---|---|---|
| THOMAS  BURNSIDE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-341 |
| | § | |
| NUECES COUNTY, TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending are the Defendants' Motions for Summary Judgment Based on Preclusive Effect of State Court Judgment.  (D.E. 127, 128).  Having considered the motions, response and applicable authority, the undersigned respectfully recommends that Defendants' motions for summary judgment be granted because Plaintiffs' claims are barred under the doctrine of res judicata.  As discussed in more detail below, the claims currently before the Court have been, or could have been, fully and finally resolved by a state court's final judgment.

## I.      JURISDICTION

The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).  This case has been referred to the undersigned Magistrate Judge for case management and for making  recommendations to the Court on dispositive motions pursuant to 28 U.S.C. § 636.  (D.E. 120).

## II.      BACKGROUND

### A.      Procedural Background

Plaintiffs Thomas Burnside and Elmer Cox are former deputies of the Nueces County Sheriff's Department.  In early November 2012, Plaintiffs filed separate 1983 civil rights causes of action in this Court alleging they were punitively re-assigned to the county jail in violation of their First Amendment rights to speech and association.  *See Cox v. Nueces Cty.*, No. 2:12-CV-339 (S.D. Tex. filed Nov. 2, 2012) and *Burnside v. Nueces Cty.*, No. 2:12-CV-341 (S.D. Tex. filed Nov. 5, 2012).[1]   On March 28, 2013, after filing the instant federal action, Plaintiffs' employment with Nueces County was involuntarily terminated. (D.E. 127-1, pp. 16-17; 127-1, pp. 20-21).[2]   On April 1, 2015, Plaintiffs amended their federal complaints to include their termination claims and added Defendant Sheriff Jim Kaelin as a defendant.  (*Cox* D.E. 27; *Burnside* D.E. 28).  Plaintiffs allege these adverse employment actions were the result of their failure to endorse Defendant Kaelin in his bid for re-election as the Nueces County Sheriff.  The Defendants maintain the employment decisions regarding Plaintiffs were for lawful purposes relating to performance and the

---

[1] Plaintiffs' live pleadings are their Fifth Amended Complaints.  *See Cox v. Nueces Cty.*, No. 2:12-CV-339 (D.E. 56); *Burnside v. Nueces Cty.*, No. 2:12-CV-341 (D.E. 56).
[2] Unless indicated otherwise, citations to the Court's docket entries will be to *Cox v. Nueces Cty.*, No. 2:12-CV-339 (S.D. Tex. filed Nov. 2, 2012).  *See* consolidation order. (D.E. 118).

Plaintiffs being involved in assisting and advising a co-worker to surreptitiously record a meeting with Sheriff Kaelin and then releasing what the Defendants considered confidential information.  (D.E. 127-1, pp. 16-17; 127-1, pp. 20-21).

These federal cases progressed on virtually identical tracts as the claims and attorneys for the parties are largely the same.  Defendant Jim Kaelin appealed the denial of his motion to dismiss as to each Plaintiff.  The Fifth Circuit affirmed the District Court's denial of Defendant Kaelin's motion to dismiss in *Cox v. Kaelin*, No. 13-41343, 577 Fed. App'x 306 (5th Cir. 2014).  The Fifth Circuit affirmed in part, reversed in part, and remanded the District Court's denial of Defendant Kaelin's motion to dismiss in *Burnside v. Kaelin*, 773 F.3d 624 (5th Cir. 2014).  The Fifth Circuit reversed the District Court's denial of qualified immunity as to Plaintiff Burnside's termination claim and affirmed the denial of qualified immunity as to the claim relating to Burnside being transferred to the jail. *Burnside*, 773 F.3d at 629.  Therefore, Plaintiff Cox has active claims against both Defendants regarding his transfer to the Nueces County jail and for his subsequent termination from employment, while Plaintiff Burnside only has a claim relating to his transfer to the jail.  On January 6, 2015, upon conclusion of the interlocutory appeals, the District Court consolidated the cases for purposes of discovery, all pretrial matters and trial. (D.E. 118).

On August 17, 2015, Defendant Nueces County and Defendant Kaelin each filed motions for summary judgment.  (D.E. 127, 128).  While the motions were filed separately, Defendants raise substantially the same grounds for relief and authorities in their respective

motions.[3]   Defendants argue summary judgment should be granted in their favor because Plaintiffs' claims are barred from re-litigation under theories of res judicata and collateral estoppel.   Defendants argue the claims and issues in the instant case were decided, or could have been decided, in a state court lawsuit styled *Burnside v. Nueces Cnty. Civil Serv. Comm'n,* No. 2013-DCV-2897-E (148th District Court, Nueces County, Tex. May 3, 2013). (D.E. 127, p. 1; D.E. 128, p. 1).

On September 8, 2015, Plaintiffs filed an unopposed motion for extension to file a response to Defendants' motions for summary judgment.   (D.E. 132).   The undersigned granted the motion and Plaintiffs' deadline to file a response was extended until September 18, 2015.   (D.E. 133).   On September 18, 2015, Plaintiffs filed a second motion requesting an extension.   (D.E. 137).   The undersigned granted this motion as well and extended Plaintiffs' deadline to September 25, 2015.   (D.E. 138).   On September 28, 2015, Plaintiffs filed an opposed motion seeking a third extension to file a response.   (D.E. 139).   A hearing was held on September 29, 2015, and the undersigned granted Plaintiffs' counsel a final extension until October 5, 2015, to file a response to Defendants motions for summary judgment.   Plaintiffs filed their response on October 5, 2015.   (D.E. 143).

### B.   Factual Background and State Court Proceedings

Plaintiff Burnside alleges he was re-assigned from the Nueces County Sheriff's Department Patrol Division to the Nueces County Jail on February 3, 2012.   (*Burnside,* D.E. 56, pp. 2-3).   Plaintiff Cox alleges he was re-assigned from the DEA Taskforce to the Nueces County Jail on May 31, 2012.   (*Cox,* D.E. 56, pp. 2-3).   Both Plaintiffs allege the jail

---

[3] Defendant Nueces County also incorporates by reference Defendant Kaelin's motion and exhibits.  (D.E. 128, p. 8).

is a less desirable duty assignment and their transfers were retaliatory for the Plaintiffs' lack of support for Sheriff Kaelin in his bid for re-election. Plaintiffs' employment with Nueces County was subsequently involuntarily terminated effective March 28, 2013. (D.E. 127-1, pp. 16-17; 127-1, pp. 20-21).[4]  Nueces County has a civil service commission system allowing employees to file a grievance and to appeal any "termination, demotion, or suspension" or any other violation of the civil service rules or regulations. (D.E. 127, pp. 1-3).  In the case before this Court, Plaintiffs allege they were punitively transferred or reassigned to duty at the Nueces County Jail and were ultimately fired in violation of their First Amendment rights to free speech and association.[5]

On April 2, 2013, Plaintiff Cox and Plaintiff Burnside each filed Nueces County Employee Grievance Forms seeking re-instatement, back pay and re-assignment to their previous duty positions. (D.E. 127-2, pp. 6-9; 127-2, pp. 10-13).  In their grievances, the Plaintiffs allege, among other allegations, the adverse employment actions were in violation of the Nueces County civil service rules which prohibit employee discipline for participating or failing to participate in political activities.  *Id.*  Plaintiffs' grievances were consolidated and considered by the Nueces County Civil Service Commission ("Commission") on May 2, 2013. (D.E. 127-1, p. 8).   However, upon motion of the attorney representing Nueces County, the Commission decided not to hear any testimony about the Plaintiffs' reassignment to the Nueces County Jail, apparently because matters of reassignment are not subject to review under the Nueces County civil service rules. (D.E. 127-1, p. 9).  During

---

[4] Plaintiffs had already filed their respective lawsuits before this Court at the time of their termination.  *See Cox v. Nueces Cty.*, No. 2:12-CV-339 (S.D. Tex. filed Nov. 2, 2012) and *Burnside v. Nueces Cty.*, No. 2:12-CV-341 (S.D. Tex. filed Nov. 5, 2012).  As previously stated, Plaintiffs' subsequently amended pleadings to add their claims involving their termination from employment with Nueces County and also adding Jim Kaelin as a defendant.
[5] *See Cox v. Nueces Cty.*, No. 2:12-CV-339 (D.E. 56); *Burnside v. Nueces Cty.*, No. 2:12-CV-341 (D.E. 56).

the hearing before the Commission, Counsel for Plaintiff Cox argued both Plaintiffs were actually reassigned to the jail and ultimately terminated because of their lack of political support for Defendant Sheriff Kaelin in his bid for re-election.   On May 2, 2013, the Commission voted unanimously to uphold Plaintiffs' terminations.  (D.E. 127-1, p. 11; 127-1, p. 72; 127-1, p. 73).

On May 3, 2013, Plaintiffs filed a lawsuit in state court seeking review of the Commission's decision.  *See Burnside v. Nueces Cnty. Civil Serv. Comm'n,* No. 2013-DCV-2897-E (148th District Court, Nueces County, Tex. May 3, 2013); (D.E. 127-1, p. 3).   In the state lawsuit, Plaintiffs challenged the decision of the Commission upholding their termination, sought reinstatement of employment, back pay, benefits and "other appropriate relief."  (D.E. 127-1, p. 4).   On September 2, 2014, the Nueces County Civil Service Commission filed a brief in the state action seeking the affirmance of its decision.  (D.E. 127-1, pp. 74-79).   On March 12, 2015, the state court affirmed the decision of the Commission upholding the Plaintiffs' terminations.  (D.E. 127-1, p. 80).

## III.   ANALYSIS

Defendants move for summary judgment based on the preclusive effect of the state court judgment.   They argue Plaintiffs should not be allowed to seek a second opportunity to litigate in federal court when the claims and issues were decided, or should have been decided, in the state court action they filed.  Defendants argue the state court judgment bars the instant federal action under theories of res judicata, collateral estoppel and the Full Faith

and Credit Act, 28 U.S.C. § 1738.[6]  Plaintiffs respond that their federal claims are not precluded by the state court action because that action was filed as part of their efforts to exhaust their administrative remedies and further because the state action was limited to a review of the evidence presented to the commission based on the "substantial evidence rule." (D.E. 143, p. 3).

### A.      Summary Judgment Standard

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.,* 113 F.3d 528, 533 (5th Cir. 1997).  Initially, the movant bears the burden of presenting the basis for the motion.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). When a party seeks summary judgment on an affirmative defense,[7] the movant "must establish beyond peradventure all of the essential elements" of the defense to warrant judgment in his favor. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).   The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.,* 5 F.3d 955, 956 (5th  Cir. 1993)(citation omitted).

---

[6] Defendants submit the Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the State from which the judgment emerged. (D.E. 127, pp. 4-5; 128, p. 3).   The availability of the doctrines of res judicata and collateral estoppel are not in dispute. However, the parties dispute the application of these principles to the present case.
[7]  Res judicata is an affirmative defense.  Fed. R. Civ. P. 8(c)(1).

B.    Res Judicata

The doctrine of res judicata, or claim preclusion, provides that once a final judgment on the merits has been entered in a case, the parties and their privies are precluded from ever relitigating claims that either were or could have been raised in that case.  *See Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citation omitted).  "When a federal court is asked to give res judicata effect to a state court judgment, the federal court must determine the preclusiveness of that state court judgment under the res judicata principles of the state from which the judgment originates."  *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996).  Because the judgment was entered by a Texas court in *Burnside v. Nueces Cnty. Civil Serv. Comm'n,* No. 2013-DCV-2897-E (148th District Court, Nueces County, Tex. May 3, 2013), this Court must apply Texas res judicata law. To establish the affirmative defense of res judicata under Texas law, Defendants must prove "(1) a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of the parties or those in privity with them, and (3) a second action based on the same claims as were raised or should have been raised in the first action." *Jones* 82 F.3d at 1338 (*citing Texas Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771–72 (Tex. 1979)).

Regarding the first element, Defendants have established the existence of a final judgment on the merits by a court of competent jurisdiction.  (D.E. 127-1, p. 80).  Both Plaintiffs filed a civil action seeking review of the Nueces County Civil Service Commission decision upholding their termination.  *Burnside v. Nueces Cnty. Civil Serv. Comm'n,* No. 2013-DCV-2897-E (148th District Court, Nueces County, Tex. May 3, 2013). The Plaintiffs did not prevail in their state court action.  On March 12, 2015, the state

district judge signed an order affirming the decision of the Nueces Civil Service Commission. (D.E. 127-1, p. 80).

Regarding the second element, the Defendant must establish the parties in federal action are the same or are in privity with the parties in the state action. There is no issue regarding the similarity of the plaintiffs because they are identical in both cases. The defendant in the state action is the Nueces County Civil Service Commission. The defendants in the federal action are Sheriff Jim Kaelin and Nueces County. The issue is whether the defendants in the federal action are in privity with the defendant in the state action.

The Texas Supreme Court has acknowledged that "there is no generally prevailing definition of privity which can be automatically applied to all cases involving the doctrine of res judicata and the determination of who are privies requires careful examination into the circumstances of each case as it arises." *Harris Cnty v. CarMax Auto Superstores Inc*. 177 F.3d 306, 316 -317 (5th Cir. 1999)(*citing Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 363–64 (Tex. 1971)). However, the courts have applied some general principles. First, "privity is not established by the mere fact that persons may be interested in the same question or in proving the same state of facts." *Id.* "[P]rivity connotes those who are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right." *Id.* This definition includes "those who control an action although not a party to it, those whose interests are represented by a party to the action, and successors in interest." *Id. (citing Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 653 (Tex. 1996).

The Nueces County Civil Service Commission was created pursuant to the authority of Chapter 158 of the Local Government Code.  (D.E. 127-3, p. 2).  The Commission has the responsibility of adopting, publishing and enforcing rules relating to layoffs, dismissals, disciplinary actions, grievance procedures and other matters relating to County employees.  (D.E. 127-3, p. 2); *see also* § 158.009, Texas Gov't Code.  The Commission was created by order of the Nueces County Commissioners Court, "the elected body that provides oversight for the operation of the Nueces County Governmental entity."  (D.E. 127-3, p. 2).   A Nueces County employee who, on final decision of the Commission, is demoted, suspended, or removed from employment may appeal the decision by filing a petition in the district court of the county.  § 158.012, Texas Gov't Code.  Therefore, for purposes of the state litigation, the Commission represents the interests of the County in those proceedings.

Defendant Jim Kaelin, the Nueces County Sheriff, made the employment decisions involving the Plaintiffs which form the basis of this action.  (D.E. 127-1, pp. 14-21).   The employment decisions of Defendant Sheriff Kaelin are reviewed by the Nueces County Civil Service Commission and are ultimately defended by the Commission in state court. This statutory framework makes the Commission, Nueces County and Sheriff Kaelin, under the facts of this case, sufficiently connected to consider these entities having an identity of interest for purposes of res judicata.

The final element of the res judicata defense is that the same claims in the instant action were raised or should have been raised in the state action.  Under Texas law, courts apply a "transactional test" to determine whether two cases involve the same claims or causes of action.

The scope of res judicata is not limited to matters actually litigated; the judgment in the first suit precludes a second action by the parties and their privies not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit.

****

A determination of what constitutes the subject matter of a suit necessarily requires an examination of the factual basis of the claim or claims in the prior litigation. It requires an analysis of the factual matters that make up the gist of the complaint, without regard to the form of action. Any cause of action which arises out of those same facts should, if practicable, be litigated in the same lawsuit. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 631 (Tex. 1992) (citing cases) (emphasis in original); *See also* Restatement (Second) of Judgments § 24(1) (a final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose). Under this approach, "res judicata precludes relitigation of claims that have been finally adjudicated or that arise out of the same subject matter and that *could have been litigated* in the prior action between the parties." *Heard v. Moore*, 101 S.W.3d 726, 728 (Tex. App.-Texarkana 2003, pet. denied) (emphasis in original).

*Cooper v. City of Dallas,* 2008 WL 3380554, *5 (N.D. Tex. Aug. 11, 2008) *aff'd. sub. nom.*

*Cooper v. City of Dallas*, 402 F. App'x. 891 (5th Cir. 2010).

The factual matters in the instant federal action indicate that all of Plaintiffs' claims arise out of the same factual scenario.  The Plaintiffs were Nueces County deputy Sheriffs.  During the same time period, both Plaintiffs were reassigned from their traditional law enforcement positions to the Nueces County Jail.  Both Plaintiffs were fired on the same day.  (D.E. 127-1, pp. 16-17; 20-21).  Defendant Kaelin's notice of termination for each

Plaintiff cites to Plaintiffs' alleged involvement in the surreptitious audio recording of Defendant Kaelin during a meeting with another county law enforcement officer.  (D.E. 127-1, pp. 16-17; 20-21).  Further, Plaintiffs both allege the adverse employment decisions were actually the result of their not supporting Defendant Kaelin in his bid for re-election as Nueces County Sheriff.

In their response to Defendants' motions for summary judgment, Plaintiffs argue they filed grievances with the Nueces County Civil Service Commission to exhaust their administrative remedies prior to filing suit and that under the applicable rules, the grievance procedures were unavailable to their claims involving reassignment to the jail.  (D.E. 143, p. 3).  Plaintiffs maintain the state court action was limited to a review of the Commission's decision upholding their termination based on the substantial evidence standard.  According to Plaintiffs, the issues, claims and defenses litigated in the state case were significantly different from the issues in the instant federal cases and as such, res judicata does not preclude their federal actions.

Plaintiffs' arguments miss the point.  Plaintiffs may have been required to exhaust their administrative remedies with the Nueces County Civil Service Commission before filing a state lawsuit challenging the Commission's decision.  However, the undersigned is not aware of any authority requiring Plaintiffs to file a state lawsuit as a pre-requisite to filing related claims in federal court.  Further, Plaintiffs' arguments that the Civil Service Commission refused to consider their reassignment claims does not preclude the application of res judicata in this instance.  Under the transactional test, Plaintiffs federal claims arose

out of the same factual matters and *could have been litigated* in the state action between the parties.

Under Texas law, a litigant may raise as many claims as he may have against an opposing party, including constitutional claims. *Turner v. City of Carrollton Civ. Serv. Comm'n*, 884 S.W.2d 889, 894 (Tex. App. – Amarillo 1994, no writ). *Turner* involved a police officer filing suit seeking review of a civil service commission decision upholding her indefinite suspension. The Court in *Turner* found that the plaintiff/appellant was entitled to raise constitutional claims in her lawsuit seeking to set aside the Commission's decision. *Id.*

> After a party has pursued all necessary administrative remedies before seeking to overturn an agency ruling through litigation, that party may join in the suit any other claims that could not have been brought in the proceedings before the administrative agency. Indeed, at least one court has held that the failure to include such claims in an action to set aside a civil service commission's order bars their presentation in another suit. *Paz v. City of Houston*, 748 F. Supp. 480, 486 (S.D. Tex.1990) (applying Texas law of res judicata). Thus, we hold that appellant was entitled to raise her constitutional claims in her suit seeking to set aside the Commission's ruling.

*Turner*, 884 S.W.2d at 894. Plaintiffs' claims presented in this federal action arose out of the same subject matter as their state court claims and could have been brought in the state court action.

Many of issues presented in Defendants' motion for summary judgment were addressed in *Cooper v. City of Dallas,* 2008 WL 3380554 (N.D. Tex. Aug. 11, 2008) *aff'd. sub. nom. Cooper v. City of Dallas*, 402 F. App'x. 891 (5th Cir. 2010). In *Cooper*, the plaintiff ("Cooper") was a former Dallas police officer who was fired after suffering from

mental health related issues.  Cooper sought review through the civil service commission and was ordered reinstated but without back pay. Cooper sought relief by filing lawsuits in state and federal court.  Cooper first filed suit in federal court alleging race, gender and religious discrimination, hostile work environment and retaliation.   Three months later, Cooper filed suit in state court seeking review of the civil service commission decision.  The state court was the first to reach final judgment, affirming the decision of the civil service commission and denying all other relief requested.  Plaintiff filed a second action in federal court while the state case was on appeal.  In the second federal suit, Cooper sued additional defendants not named in the state action. *Id.* The federal cases were eventually consolidated. Once the state court action challenging the civil service commission decision was final, the defendants in the consolidated federal suit moved for summary judgment on res judicata grounds. *Id.* at *3.

The district court in *Cooper* found all claims in the federal proceeding were barred based on res judicata.  The state court action in *Cooper*, like the case before the Court, only involved a claim to review the decision of the civil service commission.  Further, the second federal case included defendants who were not named in the state case. *Id.* at *4-6.  The district court in *Cooper* noted that Cooper chose not to raise any of her federal claims in the state action. The Court stated, "the relevant inquiry is whether the claims asserted by plaintiff in the state and federal actions arise out of the same subject matter and could have been litigated in the state lawsuit." *Id.* at *6 (*citing Heard v. Moore*, 101 S.W.3d 726, 728 (Tex. App.-Texarkana 2003, pet. denied).  The district court noted both cases arose out of the same subject matter, the terms and conditions of Cooper's employment with the city,

and through the exercise of due diligence Cooper could have pursued all of her claims in the state case.   *Id.* Further, the Court determined that the fact the federal lawsuit was filed first was of no consequence to the res judicata analysis.  *Id.* at *6.  "Plaintiff gambled by splitting her claims and filing separate lawsuits in different forums . . . . plaintiff could have timely amended her state court pleadings to include all of the claims raised in the federal litigation."  *Id.*; *See also Paz v. City of Houston*, 748 F. Supp. 480, 486 (S.D. Tex. 1990)(state court judgment affirming decision of Civil Service Commission was res judicata of constitutional claims raised by police officer in subsequent federal litigation).

The Plaintiffs in this case, like the plaintiffs in *Cooper* and *Paz,* filed separate lawsuits in different forums and in doing so subjected their federal claims to being precluded based on res judicata. Viewing the evidence in the light most favorable to Plaintiffs, Defendants have established the affirmative defense of res judicata with certainty such that there is no genuine dispute as to any material fact.   Therefore, Defendants are entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

### C.    Collateral Estoppel

The terms res judicata and collateral estoppel have not always been used uniformly by the courts.  18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4402 (2002).   There are two related doctrines of preclusion: (1) claim preclusion, commonly referred to as res judicata, and (2) issue preclusion, known as collateral estoppel. *See Montana v. United States,* 440 U.S. 147 (1979).   The undersigned uses the term collateral estoppel to mean issue preclusion.   Res judicata may bar claims which were never raised. 18 Wright & Miller § 4406.   Collateral estoppel, or issue preclusion, does not prohibit

litigation of matters that have never been decided or litigated.  18 Wright & Miller § 4406. The doctrine of collateral estoppel applies to prevent issues of ultimate fact from being relitigated between the same parties in a future lawsuit if those issues have once been determined by a valid and final judgment. *Ashe v. Swenson,* 397 U.S. 436, 443 (1970).

Texas law regarding collateral estoppel applies here because federal courts are generally required to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so.  *Allen v. McCurry,* 449 U.S. 90, 96 (1980).  However, the Texas Supreme Court has concluded that federal and Texas laws regarding collateral estoppel are the same. *John G. and Marie Stella Kenedy Mem'l Found. v. Dewhurst,* 90 S.W.3d 268, 288 (Tex. 2002). To successfully bar a claim on the basis of collateral estoppel, the moving party "must establish that 1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; 2) those facts were essential to the judgment in the first action; and 3) the parties were cast as adversaries in the first action." *Id.*

Applying these principles to the present case, Plaintiffs' claims involving their termination are barred by collateral estoppel.[8]  For purposes of the collateral estoppel analysis, Plaintiffs' reassignment claims were not fully and fairly litigated in the state court. The Nueces County Civil Service Commission refused to consider the Plaintiffs' complaints about their reassignment and those matters were not raised in their state petition or addressed in the state court judgment. (D.E. ) Therefore, the undersigned recommends that

---

[8] Plaintiff Burnside's termination claim is no longer before the Court based on Defendant Kaelin's interlocutory appeal of the denial of his motion to dismiss in the Burnside case.  *See Burnside v. Kaelin*, 773 F.3d 624 (5th Cir. 2014).

collateral estoppel is not a bar to Plaintiffs' reassignment claims.  However, for reasons previously stated, Plaintiffs' re-assignment claims are barred by res judicata.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned respectfully recommends  that Defendants' Motions for Summary Judgment Based on Preclusive Effect of State Court Judgment (D.E. 127, 128) be GRANTED and Plaintiffs' remaining claims be dismissed with prejudice and Final Judgment entered.

Respectfully submitted this 13th day of October, 2015.

Jason B. Libby
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).