United States District Court
Southern District of Texas
**ENTERED**
December 31, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ELMER  COX, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-00339 |
| | § | |
| NUECES COUNTY, TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER ADOPTING MEMORANDUM AND RECOMMENDATION</u>

Pending before the Court are Sheriff Jim Kaelin's and Nueces County's respective "Motions for Summary Judgment Based on the Preclusive Effect of State Court Judgment" (D.E. 127, 128).  On October 13, 2015, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R, D.E. 146), recommending that both motions for summary judgment be granted.  Plaintiffs timely filed their Objections (D.E. 150) on October 27, 2015, to which both Defendants responded (D.E. 151, 152).

### THE ISSUE

At issue is an anomalous situation:

- Cox and Burnside complained that their employer, Nueces County Sheriff Jim Kaelin (Sheriff Kaelin), reassigned them to less desirable work in retaliation for their exercise of First Amendment rights—joining in a Political Action Committee (PAC) that did not endorse Sheriff Kaelin for reelection.

- Because the reassignment complaints are expressly excluded from the Nueces County Civil Service Commission's (Commission's) grievance procedure, Cox and Burnside filed this action in federal court.

- Complying with discovery in this federal action and to evidence their allegations regarding Sheriff Kaelin's motives, Cox and Burnside disclosed a tape-recorded conversation between Sheriff Kaelin and another Nueces County law enforcement officer.

- Sheriff Kaelin considered the recording confidential official business and terminated Cox and Burnside for disclosing it in violation of the County's employment policies.

- Cox and Burnside were required to exhaust administrative remedies regarding any complaints about their terminations, so they filed their respective grievances.  Again, their prior complaints about their reassignments have not been, and could not be, consolidated into the termination grievance at the administrative level.

- The Commission affirmed the terminations and Cox and Burnside appealed that decision to the state district court pursuant to the requirements of Texas Local Government Code § 158.0122.

- Because the state district court affirmed the Commission's decision on the Plaintiffs' terminations—and despite its use of rules and procedures pertinent to administrative appeals—Sheriff Kaelin and Nueces County now seek dismissal of this federal case, which has since been amended to include federal claims regarding the terminations as well as the reassignments, on the basis of res judicata and/or collateral estoppel.

If Defendants and the Magistrate Judge are correct:

- A claim that could not be grieved is barred by a separate claim that was required to be, and was, grieved;

- Plaintiffs lost their reassignment case because they complied with discovery in the reassignment case, which cost them their jobs, thus giving rise to the preclusive termination case; and

- State review of an employment action based on department policy precludes federal review of constitutional claims.

The Magistrate Judge concluded that these results were appropriate because, once the termination decision was appealed to the state court, Cox and Burnside could have added into the state case their complaints already pending in federal court.  And because the

state court reached a judgment first, that judgment is entitled to preclusive effect barring all claims that could have been raised as defined by the doctrine of res judicata. Reluctantly, this Court agrees.

## DISCUSSION

The question for this Court is whether the claims made in this federal case are precluded because they were within the scope of the state court's adjudication of Plaintiffs' terminations and could have been added to the state court case, but were not. Plaintiffs have objected to the M&R because:  (1) it was not practicable to include the reassignment/constitutional claims in the state court appeal of the Commission's administrative determination of the termination claims because the state court administrative appeal triggered different evidentiary standards and because Plaintiffs sought a jury trial on the constitutional claims with potentially differing results; (2) the reassignments, which took place long before the terminations, could not be grieved and are not within the same transaction as the termination grievances; (3) there was never any disposition of any federal claim; and (4) by not raising any federal claims in the state court case, the Plaintiffs reserved the federal questions for federal adjudication in the case filed prior to the state court case.

The recommendation of the M&R is based on a trio of cases:  *Paz v. City of Houston*, 748 F. Supp. 480 (S.D. Tex. 1990); *Turner v. City of Carrollton Civil Service Commission*, 884 S.W.2d 889 (Tex. App.—Amarillo 1994, no writ); and *Cooper v. City of Dallas*, 2008 WL 3380554 (N.D. Tex. 2008), *aff'd sub nom.*, 402 Fed. App'x 891 (5th

Cir. 2010).   The Court reviews each of these cases in detail, aware that the issues presented here are somewhat nuanced.

*Paz* is chronologically first.  Officer Paz was placed on indefinite suspension and he appealed that decision through the grievance process and to the Texas state court. While the state court appeal was pending, Officer Paz filed a federal case claiming racial discrimination.   The federal case was immediately stayed, pending an outcome of the state appeal.  Once the state appeal was finalized, affirming the suspension, the federal stay was lifted and defendants obtained a summary judgment denying the claims based on res judicata.

Noting a shift in state law between 1953 and 1958 that broadened the evidence the state court could consider in an administrative appeal, Judge Rainey rejected the argument that the character of the administrative appeal precluded the state court from considering United States constitutional claims.   *Paz*, at 484.   Nothing in the administrative procedure or the state court's jurisdiction prohibited Officer Paz from arguing his constitutional claims in defense against the suspension and presenting supporting evidence that was not previously submitted to the commission.  *Id*.

*Paz* cited *Simpson v. City of Houston*, 260 S.W.2d 94, 97 (Tex. Civ. App.— Galveston 1953, writ ref'd n.r.e.) for the proposition that state courts are allowed to address constitutional claims in an administrative appeal.   *Paz*, at 484.   Plaintiffs challenge this conclusion, quoting an excerpt from *Simpson* as saying, where a termination "is sustained by the Commission under the application of the substantial evidence rule, his constitutional rights are not involved."   *Simpson*, at 97.   Read in

context, however, this statement is not expressing a prohibition against considering allegations of constitutional rights violations arising from the termination.

What the *Simpson* court was saying on appeal was that, when the state court performed its substantial evidence review, it did not—by that proceeding—violate the policeman's federal or state due process rights.  In other words, the substantial evidence rule accommodates the policeman's due process rights with respect to the de novo state court review.  In that regard, the *Simpson* court found that constitutional complaints about the state court proceeding had been adjudicated by stating that they were not implicated. But that is not the issue here.  Plaintiffs Cox and Burnside want to treat federal constitutional claims as something outside the jurisdiction of the state court.  Nothing in *Paz* or *Simpson* supports that viewpoint and Plaintiffs have not submitted any other authority for their argument.  *Paz* holds to the contrary and thus disposes of Plaintiffs' claims that, as an administrative appeal, the state court action was not equipped to adjudicate the federal claims.

In *Turner*, the complaining police officer was placed on indefinite suspension for violating the department's nepotism policy after ceremonially marrying a fellow officer. In her state court appeal of the commission's decision that the suspension was proper, Officer Turner argued for the first time that the department had violated her rights to due process and equal protection and offered supporting evidence that had not been submitted to the commission.  *Turner*, at 892.  That court rejected the defendants' argument that the constitutional claims had been waived, holding that (a) it was not necessary to raise those claims in the administrative process, (b) the new record to be developed pursuant to the

Texas Rules of Civil Procedure was not limited to the evidence that had been submitted in the administrative proceeding (and the administrative evidence would have to be re-submitted under the court's rules), and (c) the doctrine of res judicata required that the claims be raised in the state court appeal or be forever lost. *Id*. at 894. *Turner* shows that including the federal claims in the state court action is necessary to preserve them.

Plaintiffs argue that joining the constitutional claims is not mandated, quoting *Turner* as saying, "After a party has pursued all necessary administrative remedies before seeking to overturn an agency ruling through litigation, that party ***may*** join in the suit any other claims that could not have been brought in the proceedings before the administrative agency." *Turner*, at 894 (emphasis added). The context of this statement, however, makes it clear that the court is not holding that a party has a choice when and where to bring the claims. Instead, the only choice the complainant can make is between (a) joining the claims in the state court appeal and (b) forever waiving those claims. "Although this rule [of joining claims] is permissive, the individual is prohibited by principles of res judicata from subsequently litigating, in a second suit, any related claims he failed to join in a prior suit." *Id*.

In *Cooper*, the police officer was allegedly subjected to sexual harassment and gender discrimination in 2000 after she was promoted to the rank of sergeant. She complained in 2001, at which time she was transferred. But the behavior allegedly continued in her new post with the addition of religious discrimination. She was also retaliated against for having filed internal grievances. In 2002, she was passed over for a promotion, prompting complaints of racial discrimination and failure to make allowances

for the extreme stress she was subjected to.  She was transferred again, after which she was diagnosed with a generalized anxiety disorder.  As a result, she took approved leave without pay.  But when the leave ended and her psychologist released her to return to work, she did not return.

Officer Cooper was terminated for the first time in 2003 for failing to return to work.  She filed a grievance with the commission and the termination was reversed on procedural grounds.  She was reinstated, but without back pay or benefits.  Thereafter, she still did not return to work and was eventually terminated again in 2005 for insubordination in failing to return to duty and failing to submit to a fitness evaluation.

Complaining that she was subjected to a hostile work environment related to discrimination based on gender, race, religion, and disability as well as retaliation for filing numerous grievances regarding the discrimination and other constitutional and statutory violations, Officer Cooper filed her first case in federal court.  Three months later, she filed her second case in state court, which was an administrative appeal of her grievance regarding the failure to award back pay and benefits with respect to the 2003 termination.  While the state appeal was still pending, Officer Cooper filed her third case in federal court complaining of the 2005 termination.  She simultaneously filed an administrative grievance regarding the 2005 termination, which was abated pending disposition of the federal litigation.  The two federal cases were consolidated.

In the meantime, the second case—the state law appeal of the 2003 termination decision—became final, and the denial of back pay and benefits was affirmed.  As a consequence, the defendants in the consolidated federal case sought summary judgment

dismissing that action on the basis of res judicata.  The *Cooper* court acknowledged that the state court appeal only addressed the 2003 termination's denial of back pay and benefits and the City's refusal to allow a fitness-for-duty evaluation by her own physician instead of one of its choosing.  *Cooper*, at *5.

Nonetheless, the *Cooper* court held that all of the claims made in the consolidated federal actions were barred by res judicata.  Specifically, the court observed the scope of the state court judgment's preclusive effect under res judicata as follows:

> [T]he relevant inquiry is whether the claims asserted by plaintiff in the state and federal actions arise out of the same subject matter and ***could have been litigated*** in the state lawsuit.  Certainly, the facts made the basis of plaintiff's claims in both cases arise out of the ***same subject matter—the terms and conditions of her employment with the City and ultimate separation therefrom***.  With due diligence, all of the claims asserted by plaintiff in the consolidated federal action, including those claims involving violations of federal statutes, could have been litigated in [the second *Cooper* case—the state court appeal of the administrative proceeding].

*Cooper*, at *6 (emphasis in original; citations omitted).

The fact that the first-filed federal lawsuit preceded the state court case was deemed inconsequential because all of the federal claims could have been added to the state case within its pleading deadline.  According to the court, Officer Cooper chose to split her claims between different forums, thus gambling on which would be resolved first.  *Id*.  The 2005 claims, which accrued after the state court action was filed, were expressly found to have arisen within the state court's pleading deadline.  Thus *Cooper* demonstrates that all actions relevant to the employment relationship should have been

included in the state court action arising from the administrative appeal, regardless of when they arose or any difference in their character, so long as it was possible to add them.

Plaintiffs here object to the M&R's conclusion regarding res judicata, claiming that there was no actual decision on the merits of the claims in this case. While that is certainly true and is a matter of significant concern to this Court, the objection misunderstands the scope and application of res judicata: a determination of one claim (the employment policy basis for the terminations) may bar the determination of another (the constitutional violations related to the reassignments and/or terminations) if the second arose from the same transaction (political retaliation in the employment relationship) and should have been raised together with the first (because the state court could have resolved all of the claims together). *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 631 (Tex. 1992).

As set out above, the cases do not permit an exception for a scenario such as this in which the state court action is initiated only with the intent to appeal an administrative determination. When the law of res judicata refers to precluding all claims that it was "practicable" to include, it is referring to what could have been included with due diligence pursuant to the posture of the court case and the rules governing it. This Court is not free to redefine Texas law with respect to state court jurisdiction or the wide reach of res judicata. These are matters of affording full faith and credit to state court decisions and involve questions of law that do not permit variances based on a court's discretion or concerns regarding equity. 28 U.S.C. § 1738. *See also, San Remo Hotel, L.P. v. City and*

*County of San Francisco, California*, 545 U.S. 323, 342 (2005) (finding unpersuasive complaints of an ironic and unfair result in a similar situation).

While Plaintiffs Cox and Burnside's reassignment claims preceded the May 3, 2013 filing of the state court appeal of their termination claims, Plaintiffs do not contend that they were barred for any reason from adding the reassignment complaints to the state court action. Thus, it was "practicable" to include them. Given the *Cooper* definition of same subject matter as including "the terms and conditions of her employment with the City and ultimate separation therefrom," and given that the state court had jurisdiction to consider all claims, whether or not previously included in the administrative proceeding, Plaintiffs' argument that the reassignments were a different matter that were not a part of the same transaction for res judicata purposes fails.

Plaintiffs object to the M&R's failure to credit their argument that res judicata does not bar their federal claims where they took no action to broaden the scope of the state court suit—which was focused on the administrative appeal—to include the federal claims, citing *San Remo Hotel, supra*. What *San Remo* involved was not an exception to the scope of a state court judgment but the concept of reserving a federal question. While the M&R does not expressly address the reservation issue, the Court finds that the argument fails and the objection should be overruled.

The reservation of a federal claim during the pendency of a state court case requires more than just passively declining to mention the federal claims in state court. In the Fifth Circuit, a federal claim may be reserved if: (1) the federal claim is filed first; (2) the claim is subject to abstention because a state court disposition of a distinct state

law issue is required before the federal claim will be ripe for decision; (3) the plaintiff expressly puts the state court on notice that the federal claim is reserved; and (4) the plaintiff does not voluntarily submit the federal issues to the state court for resolution. *Schuster v. Martin*, 861 F.2d 1369, 1374 (5th Cir. 1988) (holding, in a circuit split, that the federal claim must be filed first); *San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1106 & n.7 (9th Cir. 1998), *aff'd*, 545 U.S. 323, 331 (2005) (discussing the remaining requirements).

Even if Plaintiffs can satisfy the other requirements, they have not demonstrated that they put the state court on notice of their reservation of federal questions in compliance with the third requirement. As their objection goes only to their compliance with the fourth requirement, it fails to show that the M&R is incorrect in concluding that the federal claim was not properly reserved and was thus barred by res judicata.

The Court OVERRULES all of Plaintiffs' objections to the M&R's res judicata conclusion.

Plaintiffs object to the M&R's conclusions regarding the application of collateral estoppel. Because of the Court's holding on res judicata, the Court need not, and does not, reach the issue of collateral estoppel. The Court thus OVERRULES Plaintiffs' objections on that basis and declines to adopt the M&R's discussion, finding that the issue is moot.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiffs' Objections, and all other relevant documents in the record, and having made a

de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiffs' Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge with respect to res judicata.  The Court declines to adopt the findings and conclusions regarding collateral estoppel, finding the issue to be moot.  Accordingly, Defendants' motions for summary judgment (D.E. 127, 128) are **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.

ORDERED this 31st day of December, 2015.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE